# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JOSHUA CALEB SHUE, | Case No. 2:20-cv-02025-KJD-BNW |
| Petitioner, | **ORDER** |
| v. | |
| CALVIN JOHNSON, et al., | |
| Respondents. | |

This is a habeas corpus action under 28 U.S.C. § 2254. Petitioner, Joshua Caleb Shue, filed an incomplete application to proceed in forma pauperis; it lacked a statement of his inmate account and a financial certificate signed by the appropriate prison official. ECF No. 1. The court directed Shue either to file a complete application or to pay the filing fee. ECF No. 3. Shue paid the filing fee. ECF No. 5.

Shue also filed a motion for appointment of counsel. ECF No. 4. Based upon the duration of his sentence and the issues presented, the court finds that appointment of counsel is warranted. However, Shue has not yet demonstrated financial eligibility for appointment of counsel. See 18 U.S.C. § 3006A(a)(2)(B). The court will appoint the Federal Public Defender provisionally and conditioned upon Shue establishing financial eligibility for representation by counsel.

1

1   IT FURTHER IS ORDERED that petitioner's motion for appointment of counsel (ECF
2   No. 4) is **GRANTED**.

3   IT FURTHER IS ORDERED that the Federal Public Defender is appointed provisionally
4   as counsel, subject to petitioner establishing financial eligibility.  The Federal Public Defender
5   will have 30 days from the date of entry of this order either to undertake representation of
6   petitioner or to indicate to the court the office's inability to represent petitioner.  If the Federal
7   Public Defender is unable to represent petitioner, then the court will appoint alternate counsel,
8   subject again to establishment of financial eligibility.  The court will set a deadline for filing of an
9   amended petition or a motion seeking other relief after counsel has appeared.  The court does not
10  signify any implied finding of tolling during any time period established or any extension granted.
11  Petitioner always remains responsible for calculating the limitation period of 28 U.S.C.
12  § 2244(d)(1) and timely presenting claims.  The court makes no representation that the petition,
13  any amendments to the petition, and any claims in the petition or amendments are not subject to
14  dismissal as untimely.  See Sossa v. Diaz, 729 F.3d 1225, 1235 (9th Cir. 2013).

15  IT FURTHER IS ORDERED that the clerk of the court send petitioner a form application
16  to proceed in forma pauperis for incarcerated litigants, in a manner consistent with the clerk's
17  current practice for an inmate held at the High Desert State Prison.

18  IT FURTHER IS ORDERED that petitioner file an application to proceed in forma
19  pauperis within 30 days of entry of this order.  If petitioner does not file the application within the
20  time allowed, then the court will vacate the provisional appointment of counsel.

21  IT FURTHER IS ORDERED that the clerk add Aaron Ford, Attorney General for the
22  State of Nevada, as counsel for respondents.

23  IT FURTHER IS ORDERED that respondents' counsel must enter a notice of appearance
24  within twenty-one (21) days of entry of this order, but no further response will be required from
25  respondents until further order of the court.

26  IT FURTHER IS ORDERED that the clerk shall provide copies of this order and all prior
27  filings to both the Attorney General and the Federal Public Defender in a manner consistent with
28  the clerk's current practice, such as regeneration of notices of electronic filing.

1     IT FURTHER IS ORDERED that, notwithstanding Local Rule LR IC 2-2(g), paper copies of any electronically filed exhibits need not be provided to chambers or to the staff attorney, unless later directed by the court.

DATED: December 7, 2020.

_____
KENT J. DAWSON
United States District Judge