UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOSHUA CALEB SHUE,<br><br>    Petitioner,<br><br>  v.<br><br>CALVIN JOHNSON, et al.,<br><br>    Respondents. | Case No. 2:20-cv-02025-KJD-BNW<br><br>**ORDER** |

**I. Introduction**

This is a habeas corpus action under 28 U.S.C. § 2254. Currently before the court is petitioner Joshua Shue's motion for discovery (ECF No. 16). The court finds that good cause exists for Shue to conduct discovery, and the court grants his motion.

**II. Facts**

For the purposes of this order and to provide background, the court quotes from the Nevada Supreme Court's opinion on direct appeal:

> In the summer of 2010, Shue began periodically staying at his then-girlfriend's residence. At that time, Shue's then-girlfriend lived with her daughter, H.I., and her two sons, K.I. and F.I. During Shue's visits, H.I. was between the ages of 15 and 17, K.I. was between the ages of 11 and 13, and F.I. was between the ages of 10 and 12. In August 2012, Shue approached H.I. from behind and used a small digital camera to take a picture underneath her skirt. Shue showed H.I. the picture, and she asked him to delete it. Later that night, Shue kissed H.I. on the mouth without her consent. H.I. reported both incidents to the police the next day.

> Thereafter, the police interviewed Shue and mentioned the possibility of searching his computer, and he indicated that such a search would reveal some things that are not "on the up-and-up." The police then obtained a warrant to search Shue's residence, and they seized Shue's digital camera and laptop. Shue's digital camera revealed a deleted up-skirt photo of H.I., and his laptop contained photographic images of underage males performing sexual activities or with their genitalia and buttocks exposed. Shue's laptop also contained several videos of H.I. and K.I. in the bathroom. Each video surreptitiously captures H.I., K.I., or both, fully nude performing bathroom activities. Shue appears in some of the videos, where he is either setting up or manipulating the camera.

Ex. 5 at 3-4 (ECF No. 24-5 at 4-5).

### III.   Legal Standard

Rule 6(a) of the Rules Governing Section 2254 Cases in the United States District Courts allows the court to authorize discovery, and the court may limit the extent of the discovery. If, through "specific allegations before the court," the petitioner can "show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is entitled to relief, it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry." Bracy v. Gramley, 520 U.S. 899, 908-09 (1997) (cleaned up).

### IV.   Discussion

Shue has two requests for discovery. First, he gave a statement to police. However, his copy of the transcript of that statement is missing pages. Shue wants a complete copy of the transcript and a copy of the recording of the statement. Second, he wants the Las Vegas Metropolitan Police Department to provide his retained expert with either the digital devices in this case or forensic copies of those devices.

#### A.   Voluntary statement

Shue wants a copy of the voluntary statement and a copy of the recording because in the middle of the trial it was revealed that Shue might have asked for an attorney during that statement and that the police did not terminate the interview. Shue's copy of the transcript is incomplete, and neither prior counsel, Shue himself, nor the trial court possess a complete copy. This does not relate to any ground in the first amended petition. However, the voluntary statement normally would have been something disclosed to Shue as a matter of routine. If

discovery of the voluntary statement and the recording reveal facts that would support a new claim for relief, then the court can deal with the procedural matters later.  The potential claim itself is important enough that Shue should have complete copies of the statement and the recording.  Respondents do note that they do not possess a copy of either the statement or the recording. ECF No. 19 at 7 n.3.  Nonetheless, that should not block Shue from serving a subpoena on the Las Vegas Metropolitan Police Department for those copies.

**B.     Forensic copies of digital devices**

When the parties briefed the motion for discovery, no claim in the original petition related to the forensic copies.  See ECF No. 8.  Shue has since filed the first amended petition.  Ground I of the first amended petition is a claim that trial counsel provided ineffective assistance by failing to retain a computer forensic expert.  ECF No. 23 at 8.  Shue notes that the dates of creation or modification of files found on the computer could not have been correct and that he was not the only person who used that computer.  ECF No. 16 at 6.  The court agrees with Shue that he cannot demonstrate that counsel was ineffective for failing to investigate without being able to conduct that investigation himself.

The court recognizes the nature of the files that Shue is seeking.  If there are state-court procedures for preventing dissemination of these files and for destruction of the files after the investigation is complete, the parties and Shue's retained expert will follow those procedures.  If not, this Court will establish procedures for the safeguarding of the files.

IT THEREFORE IS ORDERED that petitioner's motion for discovery (ECF No. 16) is **GRANTED**.

IT FURTHER IS ORDERED that respondents must provide petitioner with a complete copy of Joshua Shue's Voluntary Statement taken by the Las Vegas Metropolitan Police Department on August 23, 2012, as well as a copy of the recording of said statement.  In the alternative, petitioner may subpoena the copy of the statement and the copy of the recording from Clark County District Attorney's Office and/or the Las Vegas Metropolitan Police Department.

IT FURTHER IS ORDERED that the Las Vegas Metropolitan Police Department must make available to Leon Mare of Expert Data Forensics all of the digital devices in this case, or

forensic copies thereof, including the forensic images and videos from the Sony Vaio Laptop Model PCG-81115L, serial #27527431-3002542, containing a Samsung hard drive, serial #S29LJDRZ721230, seized pursuant to a search warrant in event number 120823-1707 LVMPD, state district court case no. C-13-288172-1.

IT FURTHER IS ORDERED that discovery must be completed within 90 days from the date of entry of this order. Petitioner will have 30 days from the completion of discovery to file and serve any appropriate motion.

DATED: March 25, 2022

KENT J. DAWSON
United States District Judge