UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOSHUA CALEB SHUE,<br><br>                Petitioner,<br>v.<br><br>CALVIN JOHNSON, *et al.*,<br><br>                Respondents. | Case No. 2:20-cv-02025-KJD-BNW<br><br>ORDER |

**I.   SUMMARY**

This is a habeas corpus action under 28 U.S.C. § 2254. Currently before the Court is Respondents' motion to dismiss Grounds I and III as unexhausted. (ECF No. 27.)[1] Petitioner Joshua Shue acknowledges that he has not exhausted Ground I or Ground III, but he argues that both grounds would be procedurally barred in the state courts without excuse. The Court defers determination of whether Petitioner can excuse the procedural default of Grounds I and III to the answer and reply. Also before the Court is a joint motion for leave to extend discovery deadlines. (ECF No. 38.) The Court grants this motion.

**II.   BACKGROUND**

The State of Nevada charged Petitioner with one count of child abuse, 29 counts of use of a child in production, one count of open or gross lewdness, and 10 counts of possession of visual presentation depicting sexual conduct of a child. (ECF No. 29-6.) Following a trial, a jury found Petitioner guilty of all 41 counts. (ECF No. 35-2.)

Petitioner appealed, and the Clark County Public Defender's Office was appointed to represent him for his direct appeal. (ECF No. 24-2.) Petition raised the following claims in his appeal:

    1. Nevada laws prohibiting using a minor as the subject of a sexual portrayal in a performance are unconstitutional.

---

[1] Petitioner filed an opposition (ECF No. 41), and Respondents filed a reply (ECF No. 46).

1

2. Appellant's redundant convictions violated his due process rights.

3. The district court committed reversible error by failing to instruct the jury on essential elements of the crime and by refusing Appellant's theory of defense instructions.

4. The State committed prosecutorial misconduct.

5. The district court's evidentiary decisions denied Appellant his Constitutional right to a fair trial.

6. The Indictment failed to provide Appellant with adequate notice.

7. As a matter of law the images do not depict a sexual portrayal or sexual conduct.

8. The State presented insufficient evidence of guilt.

9. Cumulative error.

(*Id.*)  Petitioner later added a claim that: "Appellant's simultaneous possession of 10 images of alleged child pornography at one time and one place constitutes a single violation of NRS 200.730." (ECF No. 24-4 at 3.)  The Nevada Supreme Court vacated nine of Petitioner's convictions for possession of visual presentation depicting sexual conduct of a child and his conviction for open or gross lewdness but affirmed the remaining charges. (ECF No. 24-5 at 18.)

Following the Nevada Supreme Court's decision on Petitioner's direct appeal, he requested appointment of counsel to pursue post-conviction relief. (ECF No. 37-4.) The state district court denied the request for appointment of counsel. (ECF No. 37-7.) Petitioner filed a *pro se* post-conviction petition for a writ of habeas corpus in state district court. (ECF No. 37-8.) The state district court denied the petition. (ECF No. 37-19.) Petitioner appealed the denial, and the Nevada Supreme Court affirmed Petitioner's convictions but determined that the second amended judgment of conviction improperly denoted restitution as a fine and remanded the case to correct the error. (ECF No. 24-10.)

Petitioner then commenced this action. This Court appointed the Federal Public Defender, and Petitioner filed a counseled amended petition. (ECF No. 23.)

### III. LEGAL STANDARD

Before a federal court may consider a petition for a writ of habeas corpus, the petitioner must exhaust the remedies available in state court. *See* 28 U.S.C. § 2254(b). To exhaust a ground for relief, the petitioner must fairly present that ground to the state's highest court, describing the operative facts and legal theory, and give that court the opportunity to address and resolve the ground. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995) (*per curiam*); *Anderson v. Harless*, 459 U.S. 4, 6 (1982). "[I]f a claim is unexhausted but state procedural rules would now bar consideration of the claim, it is technically exhausted but will be deemed procedurally defaulted unless the petitioner can show cause and prejudice." *Cooper v. Neven*, 641 F.3d 322, 327 (9th Cir. 2011).

### IV. DISCUSSION

#### A. The Court Defers Ruling on Ground I

##### 1. Petitioner did not present Ground I to state courts

Ground I is a claim that Petitioner received ineffective assistance of trial counsel because his attorney failed to consult a computer forensic expert. (ECF No. 23 at 7.) Petitioner asserts that the forensic report of his computer included findings related to dates that are factually impossible, but that his attorney failed to consult a computer forensic expert to assess the forensic report or seek an explanation for the impossible dates. (*Id.* at 7-10.) Petitioner acknowledges that he did not present this claim in his state post-conviction proceedings. (ECF No. 41 at 4.)

##### 2. Ground I is technically exhausted

Petitioner notes that if he returned to state court to exhaust Ground I, then the state courts would find his new post-conviction petition to be untimely under NRS § 34.726(1) and successive under NRS § 34.810. (ECF No. 41 at 5.) Both of these statutes allow a court to excuse the procedural bars upon a showing of cause and prejudice. In Nevada, a claim of ineffective assistance of trial counsel must be brought in a collateral review, rather than direct appeal. *See Pellegrini v. Nevada*, 34 P.3d 519, 534 (Nev. 2001) ("Ineffective assistance of counsel claims are properly raised for the first time in a timely

3

post-conviction petition"). Petitioner's only argument for cause and prejudice is that he did not have counsel for his post-conviction habeas corpus petition. The Nevada Supreme Court has not accepted ineffective assistance of post-conviction counsel as an excuse to the procedural bars of NRS § 34.726 and NRS § 34.810. *See Brown v. McDaniel*, 331 P.3d 867 (Nev. 2014). Because Nevada's procedural rules would now bar the claim, Ground I is technically exhausted.

### 3. Ground I is procedurally defaulted

Because the state courts would deny relief based upon state-law reasons that are adequate and independent of federal law, Ground I is procedurally defaulted. This Court cannot consider Ground I unless Petitioner can show cause and prejudice. In federal courts the lack of post-conviction counsel can be cause and prejudice to excuse a procedurally defaulted claim of ineffective assistance of trial counsel. *See Martinez v. Ryan*, 566 U.S. 1 (2012). Petitioner makes this argument. (ECF No. 41 at 6-11.) Respondents argue that an analysis of prejudice under *Martinez* is intertwined with the merits of the underlying claim. (ECF No. 46 at 3.) As such, Respondents request that the Court defer analysis of prejudice under *Martinez* until after they file an answer to the petition. (*Id.*) The Court will defer a decision on whether Petitioner can overcome the procedural default of Ground I until after the petition is fully briefed on the merits.

## B. The Court Defers Ruling on Ground III

### 1. Petitioner did not present Ground III to state courts

Ground III is a claim that the punishment that Petitioner received is excessive and therefore violates his right to be free from cruel and unusual punishment. (ECF No. 23 at 15.) Petitioner acknowledges that he did not present this claim in his state post-conviction proceedings. (ECF No. 41 at 11.)

### 2. Ground III is technically exhausted

Petitioner notes that, as with Ground I, the state courts would dismiss a new post-conviction petition raising Ground III as untimely under NRS § 34.726(1) and successive under NRS § 34.810. (ECF No. 41 at 12.) Therefore, as with Ground I, no available

4

procedure remains for Petitioner to raise his claim in Ground III in the state courts. Because Nevada's procedural rules would now bar the claim, Ground III is technically exhausted.

### 3. Ground III is procedurally defaulted

Because the state courts would deny relief based upon state-law reasons that are adequate and independent of federal law, Ground III is procedurally defaulted. This Court cannot consider Ground III unless Petitioner can show cause and prejudice. In federal courts the ineffective assistance of appellate counsel can serve as cause for a procedural default where the claim of ineffective assistance itself is exhausted. *Murray v. Carrier*, 477 U.S. 478, 488-89 (1986). Petitioner makes this argument. (ECF No. 41 at 12-13.) Petitioner argues that, in his *pro se* state court petition for a writ of habeas corpus, he argued that his appellate counsel was deficient for failing to argue that a life sentence was excessive for his crime and constituted cruel and unusual punishment. (*Id.* at 13.)

Respondents acknowledge that ineffective assistance of appellate counsel can establish cause to overcome a procedurally defaulted claim. (ECF No. 46 at 4.) However, Respondents argue that Petitioner has failed to establish that appellate counsel was ineffective for failing to raise the claim that Petitioner's sentence violated his right against cruel and unusual punishment. (*Id.* at 4.) Respondents further argue that Petitioner cannot establish prejudice because the claim that Petitioner's sentence violated his right against cruel and unusual punishment is without merit. (*Id.* at 5.) Both of these arguments go to the merits of the underlying claim that Petitioner's sentence violated his right against cruel and unusual punishment is without merit. As such, the Court will defer a decision on whether Petitioner can overcome the procedural default of Ground III until after the petition is fully briefed on the merits.

### C. Joint Motion to Extend Discovery

The parties filed a joint motion requesting a 90-day extension to comply with the Court's discovery order. (ECF No. 49.) The motion states that because of the sensitive nature of digital content involved in this case, Petitioner's expert had to access the

5

material from inside an FBI building, and the process of receiving access to the building and scheduling time to review the digital content has caused delays in completing discovery. (*Id.* at 2-3.) Good cause appearing, the Court grants the motion.

## V. CONCLUSION

It is therefore ordered that Respondents' motion to dismiss (ECF No. 27) DENIED. Ground I is unexhausted but is technically exhausted because it would be procedurally barred by the state courts. Ground III is unexhausted but is technically exhausted because it would be procedurally barred by the state courts.

It is further ordered that the Court defers consideration of whether Petitioner can demonstrate cause and prejudice under *Martinez v. Ryan*, 566 U.S. 1 (2012) to overcome the procedural default of Ground I until after the filing of an answer and reply in this action.

It is further ordered that the Court defers consideration of whether Petitioner can demonstrate cause and prejudice under *Murray v. Carrier*, 477 U.S. 478 (1986) to overcome the procedural default of Ground III until after the filing of an answer and reply in this action.

It is further ordered that, within 60 days of entry of this order, Respondents must file an answer addressing all claims in the amended petition on the merits, under a *de novo* standard of review as to Grounds I and III, and also addressing whether Grounds I and III are barred by procedural default under federal law. It is further ordered that Petitioner will have 30 days from service of the answer within which to file a reply.

It is further ordered that the parties' joint motion for a 90-day extension to comply with this Court's discovery order (ECF No. 49) is granted.

DATED this 6th day of September 2022.

Kent J. Dawson
United States District Judge